THEISEN, Respondent, v. BOCK and another, Appellants.

*February 4—March 3, 1959.*

For the appellants there was a brief by *McLeod, Donohue & Colwin* of Fond du Lac, and oral argument by *Joseph D. Donohue.*

For the respondent the cause was submitted on the brief of *Lueck & Skupniewitz* of Beaver Dam.

MARTIN, C. J. At about 11:30 a. m. on December 13, 1956, Bock, driving a heavy milk truck north on County Highway E in Dodge county, approached the intersection with State Highway 60. Both are black-top surfaced roads and the intersection is a slanted "T," Highway 60 running somewhat northeast and southwest at that point. The day in question was clear but there were wet spots on the highways. There is a stop sign south of the intersection controlling traffic going north on Highway E.

At the southeast corner of the intersection there is an embankment which, according to the testimony of a surveyor, is about four feet higher than the roadway and, extending northeast on the south side of Highway 60, its highest point is eight to 10 feet above the road level.

Bock testified he stopped his truck about 12 feet south of the pavement of Highway 60 and made an observation to the east, during which time a "semi" passed through the intersection on Highway 60. He then drove to a point two feet south of the pavement and looked again to the east and west. He proceeded into the intersection, making a left turn west on Highway 60, and he testified that after starting his left turn he could not observe the highway to the east because of the position of his cab. He completed the turn, traveled 60 to 80 feet beyond the intersection at a speed between five and 10 miles per hour, and his truck was entirely on the north half of the road when he saw the Theisen truck for the first time as it passed him in the ditch to his right. There was no contact between the two trucks.

Theisen, driving a Chevrolet panel truck, was traveling west on Highway 60 at a speed of about 45 miles per hour. He saw the Bock truck from a point about 165 feet east of the intersection and, he testified, it was moving at the time and about 10 feet south of the south edge of Highway 60.

Theisen did not apply his brakes but, observing that Bock was proceeding into the intersection, he stepped on the gas in an effort to pass Bock on the right because his truck was blocking the south half of the highway and encroaching on the north half.

Tire marks made by the Theisen truck on the north side of the highway, running parallel thereto, started east of the intersection and extended 160 feet west. The Theisen truck finally tipped over and came to rest 199 feet west of the point where he went off the highway and 173 feet from the center of the intersection. Theisen testified he passed the Bock truck when it was about 100 feet west of the west edge of the intersection.

The first question in the special verdict submitted to the jury inquired whether Bock was negligent as to lookout and management and control, and the jury answered both subdivisions "No." It found Theisen negligent as to speed and management and control, not negligent as to lookout.

Upon motions after verdict the trial court decided that it should have granted the motion of the plaintiff to answer the question as to Bock's negligent lookout "Yes" as a matter of law, and ordered a new trial on all questions except damages.

Defendants contend that the trial court erred in determining as a matter of law that Bock failed to maintain a proper lookout, and we agree.

The trial court gave no reason in its decision for holding Bock negligent as to lookout, and we are unable to find any in the record. It is undisputed that Bock made two observations to the east before proceeding into the intersection, one as he stopped his vehicle 12 feet from the south edge of the pavement of Highway 60 and again when his truck was two feet south thereof. After that he proceeded at a speed from

five to 10 miles per hour, according to his testimony, and five miles per hour according to Theisen.

It is Theisen's testimony that some time after the accident he had the Bock truck parked at the intersection 12 feet south of Highway 60; that he sat in the cab of the truck and could see a man standing on Highway 60 at a distance of 528 feet east of the intersection. This evidence is undisputed in the record. There is no evidence indicating that one could see farther than that to the east from the intersection.

On this evidence the jury was entitled to conclude that at the time Bock made his observations to the east the Theisen truck was not in sight. Traveling at five miles per hour the Bock truck covered a distance of approximately 140 feet before the Theisen truck passed it, in about eighteen seconds. The Theisen truck, in that same eighteen seconds of time, at 45 miles per hour (67.5 feet a second), traveled 1,215 feet—which would put Theisen more than 1,000 feet east of the intersection when Bock was in the process of turning left. On Theisen's own testimony, therefore, the jury could conclude that the Theisen truck could not be seen when Bock made his observation, and thus Bock's negligence as to lookout was a jury question. Under these circumstances it was error for the trial court to change the jury's answer in that respect and find Bock negligent as a matter of law.

It might well be argued by appellants that even though Bock was negligent as to lookout, Theisen was at least as negligent in the speed at which he was driving and in management and control of his vehicle. In view of our holding, however, it is not necessary to decide that question. Other questions raised by the appellants become immaterial in view of our decision on the above.

*By the Court.*—Order reversed, and cause remanded with directions to reinstate the jury verdict and enter judgment thereon.